OPINION
{¶ 1} On March 15, 2002, appellant Anthony White was arrested for no operator's license (Canton City Ordinance 335.01(A)(1)), expired license plates (Canton City Ordinance 335.09(E)), and obstructing official business (R.C. 2921.31). Appellant was arraigned in Canton Municipal Court on March 25, 2002, and entered a plea of not guilty to all charges.
 {¶ 2} Appellant failed to appear for a pre-trial hearing on April 9, 2002, and a bench warrant was issued for his arrest. Appellant was arrested on April 15, and the pre-trial was held on April 16. On that day, appellant appeared without counsel, and entered a plea of no-contest to all charges. He was fined $60 and sentenced to fifty hours of community service.
 {¶ 3} On April 18, appellant filed a motion to rescind the no-contest plea, which was overruled on April 19. On April 24, appellant filed a motion of sham arrest, which was overruled on April 25. Appellant filed a motion for a new trial on May 6, which was denied on May 9. Appellant filed a notice of appeal on May 16.
 {¶ 4} Appellant has not specifically stated the assignments of error presented for review, with reference to the place in the record where each error is reflected, as required by App.R. 16 (A)(3). From his brief, it appears he is challenging on constitutional grounds the initial stop and arrest, and the court's acceptance of the no-contest plea.
 {¶ 5} None of the matters complained of by appellant are demonstrated by the record. There is no transcript of the proceedings filed in the instant case. While appellant filed a request for a transcript on May 17, 2002, a transcript was not prepared, and appellant was notified on June 27, 2002, that the record was transmitted without the transcript of the proceedings. Further, in his docketing statement filed with this court on July 19, appellant stated that the record would consist only of the docket and journal entries, and not the transcript of the proceedings.
 {¶ 6} When portions of the transcript necessary to resolve issues are not part of the record, the court of appeals must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
 {¶ 7} The judgment of the Canton Municipal Court is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur.